IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARLON R. ESCOBAR RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, DHS Secretary;<br>TAMMY MARICH, Field Office Director, ICE;<br>DEPARTMENT OF HOMELAND SECURITY;<br>TODD BLANCHE, Acting Attorney General;<br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and<br>JACOB WELSH, Warden, Chase County Detention Center,<br><br>Respondents. | Case No. 26-3278-JWL |

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **granted**. Respondents are ordered to effect the release of petitioner on or before **September 14, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.

Petitioner, a native of Guatemala, entered the United States in 2021. In 2023, petitioner submitted an application for a U Visa, based on his mother's status as a cooperating crime victim, which application remains pending with United States Citizenship and Immigration Services (USCIS); and in August 2024 USCIS issued a bona

fide determination concerning petitioner's application and granted him deferred action (DA) status. As confirmed by respondents, petitioner's DA status has not been revoked by USCIS. On July 7, 2026, petitioner was taken into custody by immigration officials, and removal proceedings were initiated. Petitioner remains in custody within this judicial district. Petitioner filed the instant habeas action on August 1, 2026, and the Court ordered expedited briefing and supplemental briefing. The matter has now been fully briefed, and it is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Petitioner confirms that he is not challenging the initiation of removal proceedings against him; rather, he challenges only his present detention pending those removal proceedings.

Four of petitioner's five claims turn on his argument that the Government has violated an applicable agency directive by engaging in any enforcement actions in light of his DA status. By his fifth claim, petitioner argues that even if the Government were permitted to detain him, such detention should not be governed by 8 U.S.C. § 1225(b)(2), which provides for mandatory detention, but that he could only be detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond – in accordance with precedent from this Court and the Tenth Circuit. As discussed in the Court's prior order, this claim would be subject to dismissal because the Government has now confirmed that petitioner's

detention is governed by Section 1226(a) (and a bond hearing has in fact been scheduled for petitioner in immigration court). The Court need not reach this alternative claim, however, in light of its conclusion that petitioner is entitled to his outright release pending immigration proceedings.

On May 20, 2026, a federal district court stayed a 2025 Government directive – including its rescission of prior policies – as applied to any individual (such as petitioner) to whom USCIS has granted DA status based on a pending U Visa application. *See Immigration Center for Women and Children (ICWC) v. Noem*, 2026 WL 1455004, at *46-47 (C.D. Cal. May 20, 2026). The result of that stay, as conceded by respondents, is that the Government's immigration enforcement activities against such individuals are presently governed by a 2021 Directive (ICE Directive 11005.3) entitled "Using a Victim-Centered Approach with Noncitizen Crime Victims." The 2021 Directive states in relevant part as follows:

> [A]bsent exceptional circumstances, ICE will refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits.
>
> . . .
>
> When a noncitizen has a pending or approved application or petition for a victim-based immigration benefit, absent exceptional circumstances, ICE will exercise discretion to defer decisions on civil immigration enforcement action against the applicant or petitioner (primary and derivative) until USCIS makes a final determination on the pending victim-based immigration benefit application(s) or petition(s) . . . .
>
> . . .

> ICE should pursue civil immigration enforcement action against beneficiaries of victim-based immigration benefits only in exceptional circumstances . . . .

An enforcement action for purposes of the Directive is defined to include a decision to detain a noncitizen; and exceptional circumstances generally exist only if the noncitizen "poses national security concerns" or "poses an articulable risk of death, violence, or physical harm to any person." Petitioner argues that his detention violates the governing directive because there are no exceptional circumstances here as required.

Respondents argue that the *ICWC* court's orders should not be considered binding on this Court. The Court does not find that the Government violated that court's injunctions, however; rather, the Court finds that the Government violated the 2021 Directive, which now governs enforcement activities with respect to certain noncitizens. The Government does not dispute that it must abide by the 2021 Directive with respect to its enforcement activities involving petitioner.

Respondents also argue that the requisite exceptional circumstances are present here (although they have not provided evidence concerning which circumstances the Government actually relied on seeking the necessary approval to detain petitioner under the 2021 Directive). Specifically, respondents cite petitioner's May 2024 arrest that resulted in a charge of driving under the influence (DUI) (even though that charge was eventually dismissed). Respondents also note petitioner's two speeding infractions, but they argue only that the Government relied on the dismissed DUI charge to find exceptional circumstances to justify petitioner's detention. As petitioner notes, however, his speeding infractions were listed on his U Visa application, and his DUI arrest occurred four months

before USCIS issued its bona fide determination and granted him DA status. That determination by USCIS required completion of a background check and consideration of any national security and public safety risks involving petitioner. Thus, in granting petitioner DA status, the Government effectively determined – with actual or constructive knowledge of the DUI and the speeding infractions – that no exceptional circumstances (as defined in the 2021 Directive) existed. Respondents have not identified any circumstance not before USCIS in 2024 that could justify enforcement under the 2021 Directive. That directive sets forth a clear policy against detention of noncitizens with DA status, and that policy would be rendered meaningless if the Government were permitted arbitrarily to declare that a person to whom it has granted DA status based on a set of facts could nonetheless be detained based on the very same facts. The Court therefore concludes that petitioner has shown that his detention pending removal proceedings violates the governing agency directive, and habeas relief is therefore appropriate.

Respondents have not argued that release would not be an appropriate remedy for such a violation, and the Court agrees with petitioner that because the directive prohibits his detention, outright release is warranted. Respondents are therefore ordered to effect petitioner's release on or before **September 14, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **granted**. Respondents are ordered to effect the release of petitioner on or before **September 14, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.

IT IS SO ORDERED.

Dated this 4th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge